IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KIM JOHNSTON,

    Plaintiff,

  v.

COVIDIEN, LP. and MEDTRONIC, INC.,

    Defendants.

No. C 19-01419 WHA

**ORDER RE MOTION TO DISMISS**

## INTRODUCTION

In this products-liability action, defendants move to dismiss pursuant to Rule 12(b)(6) and Rule 9(b). To the following extent, defendants' motion is **GRANTED**.

## STATEMENT

In July 2011, plaintiff Kim Johnston underwent laparoscopic ventral parastomal hernia repair surgery during which Parietex Parastomal Mesh, manufactured by defendants Covidien LP and Medtronic Inc., was implanted. At some point after the surgery, plaintiff developed a skin rash near the incision, hernia recurrence, abdominal pain, and mesh erosion and extrusion from her body. In June 2015, due to this myriad of complications, plaintiff underwent emergency surgery for high-grade small bowel obstruction which occurred due to the failure of the Parietex product (Dkt. No. 1 ¶¶ 12, 14, 16).

The complaint alleges that, contrary to defendants' representations, the Parietex product has a high rate of failure, injury, and complication as evidenced by the numerous reports filed

on an FDA database documenting serious adverse events associated with this product. The complaint further alleges that defendants represented to plaintiff and plaintiff's physicians that the Parietex product was a safe and effective product for hernia surgery. Plaintiff also alleges that defendants consciously disregarded the foreseeable harm caused by the Parietex product by failing to warn the general public or plaintiff of the numerous side effects and complications associated with the product (Dkt. No. 1 ¶¶ 20, 22–23, 26).

Plaintiff's complaint alleges eight claims: (1) strict liability — manufacturing defect; (2) strict liability — failure to warn; (3) negligence; (4) breach of express warranty; (5) violation of federal (Magnuson–Moss Warranty Act) and state (California, Delaware, Massachusetts, and Minnesota) consumer protection laws; (6) negligent infliction of emotional distress; (7) fraudulent concealment; and (8) negligent misrepresentation.

Defendants now move to dismiss all claims pursuant to Rule 12(b)(6) and Rule 9(b). This order first addresses the appropriate substantive law that applies to plaintiff's claims. Next, this order addresses the timeliness of each of plaintiff's claims. Because this order finds that all of plaintiff's claims are time-barred, it does not reach the matters of plausibility, attorney's fees, or punitive damages.

**ANALYSIS**

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that defendants are liable for the misconduct alleged. *Ibid.* While a court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ibid.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) (citation omitted).

When a defendant moves to dismiss a claim because it is time-barred, that motion "can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (citation omitted). At the initial pleading stage, this order is concerned only with the legal feasibility of the complaint, rather than the weight of the evidence that might support it. *See ibid.*

Rule 9(b) requires that in all averments of fraud the circumstances constituting fraud must be stated with particularity. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally. "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted). Rule 9(b) serves to give defendants notice of the specific fraudulent conduct against which they must defend. *See Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001).

### 1. CHOICE OF LAW ANALYSIS.

A federal court sitting in diversity applies the substantive law of the forum state, including its choice of law rules and its statute of limitations. *Muldoon v. Tropitone Furniture Co.*, 1 F.3d 964, 966 (9th Cir. 1993). In California, "the party seeking to dislodge the law of the forum, bears the burden of establishing that the foreign jurisdiction has an interest, cognizable under California conflict-of-law principles, in the application of its law to the dispute at hand." *McGhee v. Arabian Am. Oil Co.*, 871 F.2d 1412, 1424 (9th Cir. 1989). Thus, unless adequately pleaded otherwise, plaintiff's claims are examined under California law.

Plaintiff's opposition contends that dismissal based on timeliness is improper absent a choice of law determination; however, at oral argument, plaintiff's counsel conceded that California law applies to plaintiff's claims (Dkt. No. 18 at 9). In any event, this order finds that plaintiff's complaint provides no basis for dislodging the law of the forum. Plaintiff fails to undertake a choice of law analysis or identify in which claims the other three referenced states — Delaware, Massachusetts, and Minnesota — have an interest. The complaint merely states that defendants are either incorporated in or have their principal place of business in the

3

above-mentioned states (Dkt. No. 1 ¶¶ 3–4). Plaintiff's opposition contends that a choice of law determination should not take place until there has been an "opportunity to develop evidence" (Dkt. No. 18 at 9). In support of this contention, plaintiff cites a contract action, *Chinese Hosp. Assoc. v. Jacobs Eng'g Grp., Inc.*, 2018 WL 6069169 at *4 (N.D. Cal. November 20, 2018) (Judge Jacqueline Scott Corley), to argue that a choice of law determination must be made before determining limitations. This case is easily distinguishable. Here, unlike the cited decision, choice of law is not governed by an underlying agreement between the parties. And, while plaintiff cites this decision to argue for the opportunity to take discovery prior to a choice of law determination, the district court there performed the choice of law analysis *prior* to any discovery. Plaintiff has failed to establish that California law should not apply in this action. Accordingly, California law, including the California statute of limitations, will apply to all of plaintiff's claims.

### 2. STATUTE OF LIMITATIONS ANALYSIS.

The complaint presents the threshold issue of whether or not the statute of limitations bars all of plaintiff's alleged claims. Defendants contend, and this order agrees, that the longest possible statutory period for any of plaintiff's claims is three years (see Dkt. No. 10 at 5). In California, the limitations period usually runs from accrual, meaning from the last of when the wrongdoing, harm, and causation essential to the cause of action occur. *Aryeh v. Canon Bus. Sols., Inc.*, 55 Cal. 4th 1185, 1191 (2013). Because the wrongdoing, as pleaded, occurred when defendants' Parietex product failed and resulted in plaintiff's June 2015 surgical repair, that date presents the earliest point of accrual for the purposes of this order (Dkt. No. 1 ¶ 16). Counting three years from that point, the longest applicable statute of limitations would have run in June 2018. As plaintiff filed the initial complaint in March 2019, well after any limitations period ran, the statute of limitations bars all of plaintiff's alleged claims unless plaintiff successfully shows a way to toll the statutory period.

#### A. Applicable Statute of Limitations.

Under California law, products-liability claims are subject to a two-year statute of limitations. *See Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002)

4

(applying California law and the former one-year personal injury statute of limitations). Plaintiff's complaint alleges two products-liability claims: (1) strict liability — manufacturing defect; and (2) strict liability — failure to warn. Both of these claims are subject to California's two-year personal injury statute of limitations. Cal. Civ. Proc. Code § 335.1.

Plaintiff's complaint further alleges claims of negligent infliction of emotional distress and negligence. As an initial matter, there is no independent tort of negligent infliction of emotional distress under California law. *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 984 (1993). Thus, the claim for negligent infliction of emotional distress will be considered together with the general negligence claim. In California, the statute of limitations for negligence resulting in personal injury is two years, directly mirroring the statute of limitations for products-liability claims. Cal. Civ. Proc. Code § 335.1. Accordingly, both negligence claims are subject to the two-year statute of limitations.

Plaintiff's complaint alleges fraudulent concealment. Our court of appeals, applying California law, has held that an action against the manufacturer or supplier of a product for fraudulent concealment resulting in personal injury is governed by the two-year personal injury statute of limitations, Section 335.1. *See Nodine v. Shiley*, 240 F.3d 1149, 1153 n.2 (9th Cir. 2001) (decided under the former one-year personal injury statute of limitations). Defendants, citing California Civil Procedure Code § 338(d), which applies a three-year statute of limitations to "action[s] for relief on the ground of fraud or mistake," and two unreported district court decisions, contend that the statute of limitations for plaintiff's fraudulent concealment claim is three years (Dkt. No. 10 at 5). Plaintiff does not directly contest this assertion but rather argues for a choice of law analysis, which this order has already addressed (Dkt. No. 18 at 9). Concerning the applicable statute of limitations, a decision need not be reached at this time as, even with a three-year statutory period, plaintiff's claims would still fall outside of the applicable statutory period absent tolling.

The complaint also alleges negligent misrepresentation, which "has either a two- or three-year statute of limitations," depending on whether the essence of the claim is negligence or fraud. *Fanucci v. Allstate Ins. Co.*, 638 F. Supp. 2d 1125, 1133 n.5 (N.D. Cal. 2009)

5

(applying California law). Again, defendants' motion to dismiss contends that a three-year statute of limitations applies to this claim, and plaintiff does not directly oppose this contention. For the above-mentioned reasons, the applicable period need not be decided at this time.

Plaintiff's complaint further alleges breach of express warranty. Our court of appeals, applying California law, has held that a two-year statute of limitations governs all "personal injury claims based on defective products regardless of the particular legal theory invoked." *Soliman*, 311 F.3d at 971; *see Rubino v. Utah Canning Co.*, 123 Cal. App. 2d 18, 26 (1954). At oral argument, plaintiff conceded that a two-year limitations period applies to this claim. Accordingly, the two-year statute of limitations governing personal injury claims, Section 335.1, governs plaintiff's breach of express warranty claim.

Plaintiff alleges a violation of the Magnuson–Moss Warranty Act. Disposition of a state law warranty claim determines the disposition of a Magnuson–Moss Warranty Act claim. *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 n.3 (9th Cir. 2008); *see* 15 U.S.C. 2310(d). Thus, the two-year personal injury statute of limitations similarly governs plaintiff's Magnuson–Moss Warranty Act claim.

Finally, the applicable statute of limitations for plaintiff's claims brought under California's Consumer Legal Remedies Act is three years. Cal. Civ. Code. § 1783.

### B. Plaintiff's Claims Are Time-Barred.

On the face of the complaint, plaintiff's claims appear to arise from injuries that necessitated a 2015 surgical repair (Dkt. No. 1 ¶ 16). Plaintiff's claims, however, are subject to at most a three-year statute of limitations, which is shorter than the nearly four years that have passed since the procedure and the approximately three and a half years that have passed since the filing of the complaint. Plaintiff's claims are thus time-barred unless plaintiff successfully shows a way to toll the statute of limitations. Perhaps in anticipation of this issue, plaintiff's complaint asserts numerous doctrines to toll the limitations period. This order only addresses those clearly identified by plaintiff and supported by factual allegations. Specifically, this order addresses the so-called "discovery rule," fraudulent concealment, and equitable estoppel.

### *(1) Delayed Discovery.*

Plaintiff's complaint asserts that the discovery rule tolls the statute of limitations. Under California law, the statute of limitations ordinarily begins to accrue "when the cause of action is complete with all of its elements." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 806 (2005) (citation omitted). There is, however, an exception to this rule. Pursuant to the discovery rule, the statute of limitations is tolled until the time that a plaintiff discovers the cause of action or has "reason to at least suspect that a type of wrongdoing has injured [him]." *Id.* at 807. "[P]laintiffs are required to conduct a reasonable investigation after becoming aware of an injury, and are charged with knowledge of the information that would have been revealed by such an investigation." *Id.* at 808. Where the complaint, on its face, would be otherwise time-barred, the plaintiff must plead specific facts to show both the time and manner of discovery as well as the plaintiff's inability to conduct earlier discovery despite reasonable diligence to invoke the discovery rule. *Ibid.*

Here, plaintiff's complaint alleges no facts demonstrating the time and manner in which plaintiff discovered the claim. Instead, the complaint vaguely alleges that the relation between plaintiff's injury and the Parietex product was not discovered nor could have been discovered "until a date within the applicable statute of limitations for Plaintiff's claims" (Dkt. No. 1 ¶ 30). The complaint contains conclusory allegations that plaintiff was unable to discover the claim earlier despite reasonable diligence due to defendants' "misrepresentations and omissions;" however, the complaint merely alludes to "consultations with Plaintiff's medical providers" as evidence of plaintiff's "diligent investigation" (*id.* at ¶¶ 30–31). Without addressing the sufficiency of plaintiff's fraudulent concealment allegations, this order finds that the discovery rule does not apply as pleaded due to the dearth of alleged facts concerning the time and manner of plaintiff's discovery of the claim as well as plaintiff's diligent investigation. At oral argument, plaintiff's counsel contended that they can plead facts sufficient to invoke the discovery rule. To the extent that plaintiff seeks to amend her complaint, this order advises plaintiff to include these factual allegations.

### *(2) Fraudulent Concealment/Equitable Estoppel.*

Plaintiff asserts that "Defendants are estopped from asserting a limitations defense due to their fraudulent concealment, through misrepresentations and omissions, from Plaintiff and Plaintiff's physicians of the true risks associated with the Parietex Product" (Dkt. No. 1 ¶ 31). The complaint, however, fails to clearly identify whether the applicable doctrine to toll the statute of limitations is fraudulent concealment or equitable estoppel. Accordingly, this order will examine both doctrines.

Our court of appeals, applying California law, explained that "[t]he rule of fraudulent concealment is applicable whenever the defendant intentionally prevents the plaintiff from instituting suit . . . ." *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). "In order to establish fraudulent concealment, the complaint must show: (1) when the fraud was discovered; (2) the circumstances under which it was discovered; and (3) that the plaintiff was not at fault for failing to discover it or had no actual or presumptive knowledge of facts sufficient to put him on inquiry." *Ibid.* (quoting *Baker v. Beech Aircraft Corp.*, 39 Cal. App. 3d 315, 321 (1974)). "In urging lack of means of obtaining knowledge, it must be shown that in the exercise of reasonable diligence the facts could not have been discovered at an earlier date." *Ibid.* (citation omitted). Claims relying on fraudulent concealment must meet the heightened pleading requirements of Rule 9(b). *See Snapp & Assocs. Ins. Servs., Inc. v. Malcolm Bruce Burlingame Robertson*, 96 Cal. App. 4th 884, 890 (2002) (comparing the doctrine of fraudulent concealment to the California statutory rule of delayed accrual for fraud cases), *disapproved of on other grounds*, *Aryeh*, 55 Cal. 4th at 1196.

Plaintiff pleaded insufficient facts to support the tolling of the statute of limitations based on fraudulent concealment. Plaintiff has alleged no facts as to the circumstances under which the fraud was discovered. Rather, the complaint states that "[a]t all material times, neither Plaintiff nor Plaintiff's physicians were aware of the [fraudulently concealed] facts . . . ." (Dkt. No. 1 ¶ 112). This order finds that plaintiff has not met her burden to plead fraudulent concealment with particularity and, thus, has not adequately pleaded fraudulent concealment to toll the statute of limitations.

8

Under California law, equitable estoppel requires that:

> (1) the party to be estopped must be apprised of the facts; (2) that party must intend that his or her conduct be acted on, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; and (4) the party asserting estoppel must reasonably rely on the conduct to his or her injury.

*Lukovsky v. City and Cty. of San Francisco*, 535 F.3d 1044, 1051–52 (9th Cir. 2008). "The defendant's statement or conduct must amount to a misrepresentation bearing on the *necessity* of bringing a timely suit . . . ." *Lantzy v. Centex Homes*, 31 Cal. 4th 363, 384 n.18 (2003).

Defendants argue, and this order agrees, that plaintiff's assertion of equitable estoppel rests on "vague allegations of fraudulent concealment" that are insufficient to support the tolling of the statutory period (Dkt. No. 10 at 7). With respect to defendants' knowledge, plaintiff alleges that "[a]t all material times, Defendants knew or should have known" that the Parietex product was unsafe and ineffective. Concerning defendants' intent, plaintiff asserts that defendants "willfully, intentionally, and maliciously concealed facts . . . with the intent to defraud" (Dkt. No. 1 ¶¶ 105, 110). Plaintiff's allegations are unsupported conclusory statements that are insufficient to establish the tolling of the statutory period based on equitable estoppel.

Accordingly, plaintiff does not allege sufficient grounds for tolling the statute of limitations. Therefore, plaintiff's claims are **DISMISSED**, without prejudice, to the extent that they are based on conduct that took place prior to the applicable limitations period. To the extent that plaintiff seeks to amend her complaint, this order emphasizes that plaintiff must clearly and specifically plead the doctrine relied upon to toll the statute of limitations.

### 4. JUDICIAL NOTICE.

Defendants submitted one exhibit and requested, albeit informally, judicial notice of two websites in connection with their motion to dismiss. When reviewing a motion to dismiss for failure to state a claim, a court considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). "A judicially noticed fact must be one not

subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources who accuracy cannot reasonably be questioned." FRE 201(b).

Defendants, in accordance with their motion to dismiss, submitted the Parietex Parastomal Mesh Instructions for Use (Dkt. No. 10, Exh. A). Defendants also, within their motion to dismiss, requested judicial notice of FDA and U.S. Food & Drug Administration websites, which purportedly provide factual statements about the use of hernia mesh products in general and hernia surgeries (Dkt. No. 10 at 3). The exhibit and websites presented by defendants are not necessary for resolving the motion to dismiss, so the request for judicial notice is **DENIED AS MOOT**.

## CONCLUSION

To the extent stated, defendants' motion to dismiss is **GRANTED**. By **NOON ON JUNE 27**, plaintiff may seek leave to amend the dismissed claims by a motion noticed on the normal 35-day calendar. Plaintiff must plead her best case. Her motion should affirmatively demonstrate how the proposed amended complaint corrects the deficiencies identified in this order, as well as any others raised in defendants' motion but not addressed herein. The motion should be accompanied by a redlined copy of the proposed amended complaint.

**IT IS SO ORDERED.**

Dated: June 7, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE