IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KIM JOHNSTON,

    Plaintiff,

  v.

COVIDIEN, LP. and MEDTRONIC, INC.,

    Defendants.

No. C 19-01419 WHA

**ORDER DENYING MOTION FOR LEAVE TO AMEND**

**INTRODUCTION**

In this products-liability action, plaintiff moves for leave to amend her original complaint. Plaintiff's motion is **DENIED**.

**STATEMENT**

A previous order detailed the facts of this case (Dkt. No. 36). In short, plaintiff Kim Johnston underwent laparoscopic ventral parastomal hernia repair surgery during which Parietex Parastomal Mesh, manufactured by defendants Covidien LP and Medtronic Inc., was implanted. Plaintiff later developed a skin rash near the incision, hernia recurrence, abdominal pain, and mesh erosion and extrusion from her body. In June 2015, due to this myriad of complications, plaintiff underwent emergency surgery for high-grade small bowel obstruction which occurred due to the failure of the Parietex product (Dkt. No. 1 ¶¶ 12, 14, 16).

Plaintiff filed the initial complaint in federal court in March 2019. Defendants moved to dismiss all claims pursuant to Rule 12(b)(6) and Rule 9(b). A June 2019 order granted defendants' motion to dismiss all claims because plaintiff's claims were time-barred. Plaintiff

now moves for leave to amend the complaint. (Dkt. Nos. 1, 10, 36, 38). The proposed first amended complaint seeks to amend by curing the original complaint's deficiencies regarding California's discovery rule and adding the following claims: (1) breach of implied warranty; (2) strict liability — design defect. It abandons plaintiff's claims of tolling under fraudulent concealment/equitable estoppel, violation of consumer protection laws of Massachusetts, Minnesota, and Delaware, negligent infliction of emotional distress, fraudulent concealment, and punitive damages (Br. at 2). Plaintiff's counsel stated at oral argument that he is withdrawing the manufacturing defect and design defect claims as well. Defendant opposes the proposed appended amendments.

**ANALYSIS**

FRCP 15(a)(2) permits a party to amend its pleading with the court's leave, advising that "[t]he court should freely give leave when justice so requires." In ruling on a motion for leave to amend, courts consider: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). For purposes of assessing futility on this motion, the legal standard is the same as it would be on a motion to dismiss under FRCP 12(b)(6). *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

When a defendant moves to dismiss a claim because it is time-barred, that motion "can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (citation omitted). At the initial pleading stage, this order is concerned only with the legal feasibility of the complaint, rather than the weight of the evidence that might support it.

1. **DISCOVERY RULE.**

The order dismissing plaintiff's original complaint did so on the ground that plaintiff's claims were subject to at longest a three-year statute of limitations. Since plaintiff's claims stemmed from injuries that necessitated a 2015 surgical repair (Dkt. No. 1 ¶ 16), and she did not file the original complaint in the instant action until nearly four years later in March 2019, the

claims are time-barred. In her complaint, however, plaintiff claims that the discovery rule tolls the statute of limitations in her case.

"[P]laintiffs are required to conduct a reasonable investigation after becoming aware of an injury, and are charged with knowledge of the information that would have been revealed by such an investigation." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 807, 808 (2005) (citation omitted). Where the complaint, on its face, would be otherwise time-barred, the plaintiff must plead specific facts to show both the time and manner of discovery as well as the plaintiff's inability to conduct earlier discovery despite reasonable diligence to invoke the discovery rule. *Ibid*.

The order dismissing plaintiff's original complaint found the discovery rule did not apply as pleaded due to the dearth of alleged facts concerning the time and manner of plaintiff's discovery of the claim as well as plaintiff's diligent investigation. Plaintiff has now amended her complaint to state that she did not discover the Parietex inside her was defective until she saw that the recall notices issued by Medtronic Inc. and "had no way of knowing that the defective nature of the Parietex had caused her to have a revision surgery until she discovered in her diligent investigation that such products bearing the same product code as hers had been recalled" (Compl. at ¶ 30).

At oral argument for defendant's original motion to dismiss, plaintiff's counsel contended that they could plead facts sufficient to invoke the discovery rule. Plaintiff, however, has merely added paragraphs delineating the product codes from Parietex recall notices and one paragraph of conclusory allegations that state she did not discover the product was defective and had no way of knowing so. As defense counsel has pointed out, plaintiff still has not sufficiently alleged her inability to conduct earlier discovery despite reasonable diligence, especially given the inquiry notice following the surgery. Unlike the plaintiff in *Fox* who underwent gastric bypass surgery and had no means to discover the cause of her injury, plaintiff here alleges that she "continued to suffer from abdominal pain, a skin rash near the incision, hernia recurrence, mesh extruding from her body, and mesh erosion" following the surgery (Br.

Ex. B at ¶ 13). Accordingly, plaintiff's motion for leave to amend to cure its deficiencies regarding the tolling of the statute of limitations under the discovery rule is **DENIED**.

### 2. ADDITION OF NEW CLAIM.

After plaintiff's counsel withdrew the design defect claim at oral argument, the proposed amended complaint seeks to only add one new claim: Breach of Implied Warranty. Under California law, products-liability claims are subject to a two-year statute of limitations. *See Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) (applying California law and the former one-year personal injury statute of limitations). Furthermore, our court of appeals, applying California law, has held that a two-year statute of limitations governs all "personal injury claims based on defective products regardless of the particular legal theory invoked." *Soliman*, 311 F.3d at 971; *see Rubino v. Utah Canning Co.*, 123 Cal. App. 2d 18, 26 (1954). Since the additional claim has a two-year statute of limitations and plaintiff has not alleged sufficient grounds for tolling the statute of limitations in the proposed amended complaint, plaintiff's leave to amend this claim is also **DENIED**.

## CONCLUSION

Plaintiff's motion for leave to amend is **DENIED**. Plaintiff has also withdrawn her design defect claim. Given the fact that plaintiff has failed to properly amend her complaint, a further leave to amend would be futile.

**IT IS SO ORDERED.**

Dated: August 9, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE